Our next case for argument is Indiana Right to Life Victory Fund against Sullivan. Mr. Pott. Thank you very much. Thank you very much, Your Honor, and may it please the court. Indiana law clearly prohibits a corporation from giving to a state PAC money to be used for an independent expenditure. This is Mr. Bopp, one thing puzzles me about this case. The state defendants don't seem to think that this proposed transaction would be unlawful at all. Don't we need to get a state law question resolved ahead of any constitutional law question? Your Honor, that's not true. In the 30 v. 6 deposition of the Indiana Election Division. No, look, we don't answer questions of law by looking at statements made in depositions. We do that perhaps by looking at statements made in briefs, but more likely by looking at the content of the statute or decisions of the state courts. Content of the statute. Section 3 says contributions by corporations are, quote, limited to those authorized by Section 4 and 5. Section 5... It doesn't appear to be the state's position. That's what bugs me. Well, that's not... Your Honor, it's the state's position in their briefing. It is not the state's position in their official position, which is expressed in their 30 v. 6 deposition. Mr. Bopp, let me make the same point a different way. It seems to me from looking at the papers coming in that there's a pretty high likelihood that if either you went into state court seeking declaratory relief, which is available, as you know, under Indiana law, or alternatively we certified the question to the Indiana Supreme Court that the state would agree with you, why shouldn't either one of those avenues be the proper answer from this different than among them? There is only one state official, the Secretary of State, and a few bureaucrats in the election division that say that they would not enforce the statute in the way we're describing it. The other state officials, like the Attorney General and the prosecutors, don't take that position. They haven't signed an affidavit. Mr. Bopp, this sounds like a good reason to have the legal question resolved by a state court, which is the only place you can get an authoritative answer. I don't understand why we should jump in to declare unconstitutional something that might not even be state law in the first place. Because your obligation is to protect the First Amendment and all we have to show is that the statute... But we may not have to. Arguably, arguably prohibits the conduct that the plaintiff seeks to do. And certainly, even if it's ambiguous, which it's not, Section 5 says that in order for a contribution from a corporation to a PAC to be authorized, it has to be, quote, designated for distribution to certain candidates or political parties. That specifically excludes independent expenditures. So independent expenditures are not authorized and therefore are illegal. Right, and my point is I think that the Secretary of State would say, Mr. Bopp, you are 100% correct. And I, the Secretary of State, shoulder the responsibility. Actually, that's not true. The Election Commission and the Election Division have that responsibility also. So do county prosecutors. The two county prosecutors sued here have sua sponte and independent authority to bring... You're in pretty good, you're in pretty good shape, are you not, before the state Supreme Court on a certified question or in a declaratory judgment action when the Secretary of State says, I agree with Mr. Bopp? Well, we may or may not be. It's an independent decision by our Supreme Court on what the statute provides. Fair enough. That's not a bad starting point for you. I mean, no, no, no, no one in their right mind in Indiana would contribute money for independent expenditure to a state PAC because it's not authorized. So they don't want, my clients don't want to be drug through some criminal or civil procedure in order to finally find out whether or not what is obvious from the statute, that is, it's not authorized so it's illegal for a corporation to have a course of responsibility to enforce the First Amendment. All we have to say, and you know Barlin is right on point here, all we have to show is that that contribution is arguably prohibited. Let me ask you about the effect of Barlin. That depends on what your client does. Does your client ever make contributions to political candidates? Yeah, not the independent expenditure PAC. No, just listen to my question. Does your client ever make contributions to political candidates? No. No, not ever. No, we have an independent expenditure PAC that only does independent expenditure and we have a made a contribution to a candidate. To my knowledge. See, the reason I'm asking this question is what seemed to be an unusual declaration about what happens to any money the fund receives for independent expenditures. The declaration is it goes into a separate bank account. That's very strange if your client never makes contributions to political candidates. Well, what's the point of the separate bank account? That is, this is a connected PAC to a organization called Indiana Right to Life. Indiana Right to Life is a C-4. It has its own bank account. What we were explaining is Indiana Right to Life independent expenditure PAC has its own bank account. That was all we were explaining. Now, I don't understand, honestly, and if you'd permit me, to give you the official position of the Indiana Election Division. It says, this question, and so would the corporation comply with 5C, that is the designation to candidates issue, if they designated a portion of the contribution to be spent by the PAC for an independent expenditure? Answer, as I understand the question, I do not see how the corporation could do so, since independent expenditures are not referenced in subsection 4 or the subcategories. That is a categorical statement, official statement from the Election Division, that if we do this, we are subject to civil and criminal penalty. Mr. Boff, what did you just read from? The 30B6 deposition, which is document 48-3 on page 31, lines 15 through 22, which are cited in our brief. Okay, and who's the person, who's the person that testified? Is it one of the two people that filed the affidavit? Yes, Brad King, who filed the affidavit, and he was speaking on behalf of the Election Division, which was, which is one of the enforcers, and that is the state of the law. So we are objectively chilled, not only by the terms of the statute, but we are objectively chilled by the sworn statement of the Election Division that there's an affidavit by two of the four commissioners and one of the directors, but we have a bipartisan system. The other two didn't sign any affidavit, the other one of the directors didn't sign any affidavit, and the county prosecutors that can criminally prosecute did not sign any affidavit. So we have one public official and a few bureaucrats who can change their mind anytime. What in their affidavit means that if we make the contribution tomorrow, on next Monday, that they couldn't change their mind because there was a complaint filed, they couldn't change their mind and, and proceed with an enforcement action. Absolutely nothing. Now they do, and they admit that subsequent office, people who take their position, could, could of course change their mind from what these officials say. Well, okay, fine. So they, we make the contribution today, the governor appoints two new Republicans on Monday, and on Tuesday a complaint is filed and, and they say, hey, that was their opinion, there is no official action by this division that precludes our enforcement activity. Who in their right mind would take those steps and subject themselves to criminal and civil enforcement? That's exactly what pre-enforcement facial challenges, in this case it has applied channels, are cognizable under the, this court's precedent and precedents. Mr. Bob, what kind of statements would satisfy you that you bring up this hypothetical where you have new election officials, right? So what sort of announcement of public position would meet the threshold that you're seeking with regard to enforcement? At a minimum, it had to be official action. And as explained on page 53 of the 30B6 deposition, the election division admits that neither the commission nor the division has ever taken any official action on whether or not contributions for independent expenditures by corporations are permitted. Never, ever. And they say, why? It's because it just came up in this litigation. They've never been subject to this. It would at least under the precedent be official action. I mean, the United States Supreme Court and Citizens United said we don't put our First Amendment rights in the hands of FEC to do. Trust me. I'm a little surprised at your position. I thought what you would say, I really did, I thought what you would say is I don't want to go into state court on a declaratory judgment action or the state law equivalent, or I don't want the question certified because there's just too much delay, etc. Well, of course, all those are true in our choice. When we had a choice, we could always go to state court. And of course, the vast majority of these cases wouldn't be here and you wouldn't have much to do if your position was, hey, if you can go into state court, you have to. But the most official action you could get would be a pronouncement from the Indiana Supreme Court, wouldn't it, that says, Mr. Bopp, you're right. No, an injunction against these defendants in their official capacity binds them and all their successors. An Indiana State Supreme Court opinion saying you are correct in your construction of the statute is a pretty good thing for your client. It accomplishes the same thing that we are seeking here. That is, they want to be protected from this statute being enforced in accordance with its terms by civil and criminal penalties. They want to do their First Amendment activity without the threat of criminal and civil liability. Your injunction against, which we sued all these people in their official capacity, it includes everyone that could bring any enforcement action, whether civil or criminal, and they would be prohibited from enforcing this against us. Thank you. I see I have a minute and I'd like to reserve. Thank you. Counsel. Mr. Kraft. Good morning, Your Honor. May it please the court. Aaron Kraft for the defendants. Plaintiffs have tried to manufacture this suit, but they don't have standing to bring it because they can't prove that they face an objectively credible threat of enforcement for four reasons. First, the election officials with whom any enforcement would originate have disavowed enforcement. Second, even assuming that the Indiana campaign finance... Why does that matter? Well, Your Honor, it's... I'm asking you for a reason why our decision in Indiana University against Curry isn't controlling on this issue. The defendants in Curry made the very same argument. That is, we have promised not to prosecute. And we said that does not defeat standing. Because other... they could change their mind. Other people could be elected. Right? You might ask us to overrule Curry, but you haven't. Yes, Your Honor. We were focusing on Lawson. The problem, though, conceptually, with the idea that just because a future officeholder can change his mind is that that does not make the injury imminent or certainly impending as Article III requires. That's a... Article III doesn't require an imminent injury. That's more a question of ripeness. I'm struck by the fact that the state of Indiana, or at least the officials you represent, is making an argument that seems to be almost opposite to the argument that was advanced in Indiana University against Curry without trying to deal with our decision in that case. Yes, and... And we resolved that case on the merits. You recall. Or maybe not. If I recall the Indiana University versus Curry, I don't think our office was involved in that. Yeah. All right. Well, that means we've got different state officials taking different positions on behalf. You get the problem. I do, Your Honor. One of the overarching points we made in Curry, I have it right in front of me, okay? I'm familiar with it, is that when you have threshold questions like this about state law, that the state court is open to resolve them. So the question I have for you is, are the state officials that you represent prepared to say, in response to either a declaratory judgment action in Indiana court or upon certification of the question to the Supreme Court, that we agree with you, Mr. Bopp? I want to clarify the question here. As I have understood Mr. Bopp's position, he says that state law forbids this. Our view is state law allows it. And so he says state law forbids it, but the First Amendment allows it. Our view is state law allows it, and if state law did forbid it, the First Amendment would allow it, and therefore we would not enforce the state law. That sounds like you're saying, I agree with you, Mr. Bopp. Yes, yes, 100%, Your Honor. Okay, and you're prepared to represent to the court that your clients would take that position if the question were presented to an Indiana court? Yes. In fact, our alternative argument below in the district court was that if the court found standing, we asked for a Pullman abstention for this very reason, to adjudicate the state law question, because we are prepared to go to the Indiana courts. My clients do not desire to violate Citizens United or this court's holding in Barland. And that's why even if the Indiana Campaign Finance Act does prescribe the conduct that the plaintiffs want to engage in, the defendants have disavowed any intent to enforce it. They have an obligation to uphold the Constitution. We've seen this play out in qualified immunity cases. I think this court would certainly say, if this were in a different procedural posture, that Barland is clearly established law. And so it doesn't make sense that the plaintiffs have standing to enjoin defendants who are doing nothing wrong and maybe trying to avoid civil liability under 1983. As this court acknowledged in Lawson, as the Supreme Court has acknowledged in Lyons, there's an indignity that comes along with an injunction against a state official. And when a state official is not doing anything wrong, that's indignity. No, but what Mr. Bopp is saying is that you have a couple affidavits here. You don't have one noticeably from the Attorney General. You don't have one noticeably from the Marion County prosecutors. And even if you did, Judge Easterbrook's point comes right out of our Curry opinion. And it just seems to me that all that counsel's in favor of, let's get the state law question answered. And if the court were to certify, our position in the state courts would be that the statute's ambiguous, and under the constitutional avoidance canons, it doesn't apply to limit independent expenditures or contributions to independent expenditure-only PACs. The point about the declarations, my friend is wrong to say they're coming from bureaucrats. The declarations are actually from the Secretary of State and two of the four commissioners. Now, yes, it is only two of the four commissioners, but the commission can only act on a vote of three by state law. And so that does – Yeah, same problem. The membership of the commission keeps changing. That was the central – one of the central points in Curry. No one can pledge his or her successor to hold any particular position. The only place you can get a definitive resolution is in state court. A definitive resolution on the meaning of state law. I completely agree with that, Your Honor. The point that I'm trying to make, though, is that Jackson v. Whole Woman's Health clarifies, again, that courts enjoin conduct, not laws themselves. And the bevy of First Amendment – or, I'm sorry, of standing cases that we cite – Yes. But there is a long tradition of pre-enforcement review, certainly ever since Abbott Laboratories back in 1970. Yes. Yes, there is that pre-enforcement review, but that is based not simply on the law itself. It's based on the potential enforcement by the officials charged with enforcement. Based on knowledge of what the law means, among other things. Among other things, but that's not the only thing, which is why the Supreme Court in Babbitt and in the Virginia v. American Booksellers case observed that none of the state officials who were defendants and who were charged with enforcement had disavowed enforcement. But in this case, the officials have disavowed enforcement, and they've done it because Citizens United – You're back to an argument that we should overrule Curry. But, of course, you didn't make such an argument in your brief. Yes. The district court, if I recall, never discussed Curry. No, the district court and our briefing has focused on Lawson and Wisconsin right to life versus paradise. But the Lawson case is nearly on all fours. In the Lawson case, you had a statute, an Indiana statute, that clearly applied to the desired conduct. It was a flag desecration statute, and the plaintiff wanted to burn a flag to make a political point. The prosecutor disavowed enforcement in somewhat of an equivocal way, but disavowed enforcement. But more importantly, Texas v. Johnson and United States v. Eichmann, as a constitutional matter, had limited the scope of the statute. And so this court explained that that did away with the latent enforcement threat that exists ordinarily when you have a statute, no disavowal, and so forth. I also think the plaintiff's reliance on Citizens United and United States v. Stevens for this idea that trust us arguments have no place in the First Amendment is misplaced for a few reasons. For one thing, those cases didn't involve the question of standing. Those were talking about the actual merits of the First Amendment claim. And the concern on the merits there was with executive branch officials using discretionary prosecutorial self-restraint to save a statute from being overbroad or facially invalid. But in this case, as my friend acknowledged, it is an as-applied challenge, and we are not to the merits yet. We are at the threshold question of standing. And the self-restraint comes from the binding decisions of Citizens United and Barland. And most of the other cases that the plaintiffs cite involve evidence of a credible threat of enforcement, either because they have past or ongoing enforcement, like in Susan B. Anthony List, or a refusal to unequivocally disavow. The challenges to the declarations are likewise, they likewise miss the mark. Chenry doesn't apply here because this isn't judicial review, and it's not a post hoc rationalization for already taken action. Nor have plaintiffs done anything to rebut the presumption of good faith that usually attaches to state officials' representations, or otherwise cast doubt on the declarations. And their quibbles over the phrasing of the declarations miss the point. Defendants disavow enforcement of the act to all contributions made to independent expenditure packs. So none of the limits in Section 4 apply. In the end, all plaintiffs can muster... Yes, the thing about the statute is, in the end, a law does not regulate independent expenditures at all. And my client's view, contributions for independent expenditures is just an extension of that. But in the end, all plaintiffs can muster here is a subjective and hypersensitive fear of prosecution that they say has caused them to self-censor. But subjective fears and hypersensitivities don't satisfy Article 3's injury requirement. And plaintiffs don't come close to establishing that they face an objectively credible threat of enforcement. Although they want federal court assurance that bare desire does not trigger federal jurisdiction. And unless there are any further questions, the state defendants ask that the court affirm the district court's judgment. Thank you, counsel. Anything further, Mr. Bott? You have 45 seconds. When they talk about they, they're talking about a few of the defendants. And they can't even get the attorney general to sign an affidavit, much less get the commission or the election division to make an official statement that would at least have something cognizable here. And they couldn't get that done. So we are supposed to trust a few of the people who have been sued in the case while others can bring action against us. Secondly, Lawson. Lawson involved a case in which you had a binding court precedent which directly protects the specific activity the plaintiff wanted to do. There is no such case regarding this case. Citizens United involved corporations themselves doing independent expenditures. Bartlett involved contribution limits to a political action committee. Neither of them involved contributions from a corporation to an independent expenditure committee. Thank you. The case is taken under advisement.